FILED
NOV 23 2005
MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| MIKE SHALES, JOHN BRYAN Sr., AL OROSZ, JOSEPH MANN, TOBY KOTH and GORDON ANDERSON as Trustees of THE FOX VALLEY LABORERS' HEALTH AND WELFARE FUND, <br><br> and <br><br> MIKE SHALES, JOHN BRYAN Sr., AL OROSZ, TOBY KOTH, GORDON ANDERSON and DAN BREJC as Trustees of THE FOX VALLEY LABORERS' PENSION FUND, <br><br> Plaintiffs, <br><br> v. <br><br> PETRO PAVING COMPANY and WILLIAM STRAUMANN, individually and doing business as PETRO PAVING COMPANY, <br><br> Defendants. | 05 C 6703 <br><br> Judge: <br><br> JUDGE JOHN W. DARRAH <br><br> MAGISTRATE JUDGE MASON |

## COMPLAINT

Plaintiffs, MIKE SHALES, JOHN BRYAN Sr., AL OROSZ, JOSEPH MANN, TOBY KOTH and GORDON ANDERSON as Trustees of THE FOX VALLEY LABORERS' HEALTH and WELFARE FUND ("Welfare Fund") and MIKE SHALES, JOHN BRYAN Sr., AL OROSZ, TOBY KOTH, GORDON ANDERSON and DAN BREJC as Trustees of THE FOX VALLEY LABORERS' PENSION FUND ("Pension Fund") (collectively, "the Funds"), through their attorneys, Dowd, Bloch & Bennett, by way of their complaint against Defendants PETRO PAVING COMPANY and WILLIAM STRAUMANN, individually and d/b/a PETRO PAVING COMPANY, state as follows:

## COUNT I

## FAILURE TO PAY EMPLOYEE BENEFIT FUND CONTRIBUTIONS, FAILURE TO REMIT EMPLOYEE WAGE DEDUCTIONS AND FAILURE TO PAY INDUSTRY FUND CONTRIBUTIONS

1. The Funds are multiemployer benefit plans within the meaning of Sections 3(3) and 3(37) of the Employee Retirement Income Security Act of 1974, as amended ("ERISA"), 29 U.S.C. §1002(3) and (37A). The Trustees and the Funds maintain offices and conduct business within this district. The Funds are agents for the purpose of collecting employer contributions and deductions required to be paid on behalf of the Laborers' District Council's (Union) Work Dues Fund, the Laborers-Employers Cooperation and Education Trust ("LECET"), and the Laborers' District Council Labor Management Cooperation Committee ("LDC/LMCC") (collectively, "the Affiliated Organizations")

2. Defendant, PETRO PAVING COMPANY (herein "Company"), is a non-incorporated business within this District and is an employer within the meaning of ERISA Section 3(5), 29 U.S.C. §1002(5), and Section 101 of the Labor Management Relations Act ("LMRA"), 29 U.S. C. § 152(2).

3. Defendant WILLIAM STRAUMANN, individually and d/b/a Petro Paving Company ("Straumann") resides in this District and is the president and, on information and belief, owner of Defendant Company. (STRAUMANN and PETRO PAVING COMPANY together will be identified as the "Defendants"). Straumann is and at all relevant times has been an "employer" within the meaning of 29 U.S. C. § 152(2). Because Petro Paving Company is not an incorporated entity,

2

William Straumann, as its sole owner is liable personally for any obligations of the Company.

4. Jurisdiction and venue are vested in this Court under ERISA Sections 502(e)(1) and (2), 29 U.S.C. §1132(e)(1) and (2), and LMRA Sections 301(a) and ©, 29 U.S.C. §185(a)&©.

5. The Construction and General Laborers' District Council of Chicago and Vicinity ("District Council") is a labor organization within the meaning of the LMRA Section 101, 29 U.S.C. § 152(5), that maintains its principal offices in this district.

6. The District Council and the Company are now and at all relevant times have been parties to successive collective bargaining agreements (herein "Agreement") which obligate the Company to make monthly contributions to the Funds on behalf of its employees covered by the Agreement for health and welfare, pension benefits and for deductions and contributions for the Affiliated Organizations; the Agreement also requires the Company to submit monthly remittance reports in which the Company, *inter alia,* identifies the employees covered under the agreement and the amount of contributions remitted to the Funds and the Affiliated Organizations on behalf of each covered employee.

7. Under the Agreement, the Company is obligated to (a) deduct initiation fees and monthly dues payable to the District Council from its employees' wages pursuant to a written assignment from its employees, in amounts designated by the District Council, and (b) remit them not later than the tenth day of the following month, along with dues remittance reports. Employers who fail to remit union dues are also liable to pay an additional 10% in liquidated damages and all costs of collection, including reasonable audit expenses, attorneys' fees and court costs.

8. At all material times, the amount the Company must withhold from employees' wages for payment of union dues is one and three quarters percent (1.75 %) of the employees' gross wages

3

after June 1, 2002.

9. Pursuant to the Agreement, the Company must also pay contributions for each hour worked by its employees to the Affiliated Organizations. The Company is required to remit contributions for the Affiliated Organizations along with a remittance report. Employers who fail to report and/or remit contributions are liable to pay an additional 10% in liquidated damages and all costs of collection, including reasonable audit expenses, attorneys' fees, and court costs.

10. Notwithstanding its obligations under the collective bargaining agreements, the Company has failed to correctly report, and pay contributions owed to the Funds, and the Affiliated Organizations, from June 2005 to present, thereby depriving the Funds and the Affiliated Organizations of contributions, income and information needed to administer the Funds, and jeopardizing the welfare and pension benefits of participants and beneficiaries.

11. Since at least July 2005, the Company has employed employees who performed work covered by the Agreement. On information and belief, all of the Company's employees covered by the Agreement executed written assignments authorizing the Company to withhold moneys from their wages for the payment of union dues.

12. Since about July 2005, and continuing to date, the Company has failed to properly deduct and remit union dues from employees' wages.

13. Since about June 2005, and continuing to date, the Company has failed and refused to report and/or make the required contributions to the Affiliated Organizations.

14. Despite demand duly made, the Company has not paid the required contributions or other sums due.

15. All conditions precedent to requiring contributions and reports to the Funds have been

met.

16. The Company's failure to make timely reports and contributions violates ERISA Section 515, 29 U.S.C. §1145, and LMRA Section 301, 29 U.S.C. §185.

17. Under ERISA Section 502(g)(2), 29 U.S.C. §1132(g)(2), the terms of the Agreement, and the Funds' and Affiliated Organizations' governing trust documents, the Company is liable to the Funds for unpaid contributions, liquidated damages in the amount of 20%, interest at a rate of 2% compounded monthly until paid, and reasonable attorneys' fees and court costs.

18. The Company's obligations under the collective bargaining agreement are continuing, and for each month it continues to be delinquent after the filing of this suit, additional contributions and deductions will be due and owing to the Funds and additional liquidated damages of 20% and interest on subsequent delinquent contributions to the Funds and an additional liquidated damages of 10% to the Affiliated Organizations will be due and owing until payment is made.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs respectfully request a judgment against PETRO PAVING COMPANY and WILLIAM STRAUMANN, individually and doing business as PETRO PAVING COMPANY, as follows:

1. Finding that PETRO PAVING COMPANY and WILLIAM STRAUMANN, individually and doing business as PETRO PAVING COMPANY, violated the Agreement;

2. Finding that PETRO PAVING COMPANY and WILLIAM STRAUMANN, individually and doing business as PETRO PAVING COMPANY are liable to the Funds and Affiliated Organizations for the delinquent contributions to date, liquidated damages, interest, and attorneys' fees and court costs;

3. Ordering PETRO PAVING COMPANY and WILLIAM STRAUMANN, individually and doing business as PETRO PAVING COMPANY to pay, jointly and severally to Plaintiffs all delinquent contributions and unpaid dues to date, all accrued delinquencies after the filing of this suit and liquidated damages;

4. Ordering PETRO PAVING COMPANY and WILLIAM STRAUMANN, individually and doing business as PETRO PAVING COMPANY, to file with the Funds monthly contribution reports listing the employees, hours worked and contributions due to each Fund and the Affiliated Organizations, and further providing all information as required by the rules of the Funds and Affiliated Organizations;

5. Ordering PETRO PAVING COMPANY and WILLIAM STRAUMANN, individually and doing business as PETRO PAVING COMPANY, to pay jointly and severally to Plaintiffs all court costs and reasonable attorneys' fees incurred for filing this suit; and

6. Granting all such other legal and equitable relief as the Court deems just and proper.

**COUNT II**
**PETRO PAVING COMPANY AND WILLIAM STRAUMANN, INDIVIDUALLY AND D/B/A PETRO PAVING COMPANY, VIOLATED THE ILLINOIS WAGE PAYMENT AND COLLECTION ACT BY DEDUCTING AND FAILING TO REMIT WAGES**

19. Plaintiffs re-allege and incorporate by reference paragraphs 1–18 of Count I as Paragraph 19 of Count II.

20. The District Court has supplemental jurisdiction over Count II, which alleges a state law claim, pursuant to 28 U.S.C. § 1367.

21. Pursuant to the Agreement: (a) the Company must withhold moneys from an employee's wages for payment of union dues when the employee executes a written assignment of

those moneys for the payment of such dues; and (b) the Company must remit to the District Council the moneys withheld pursuant to an employee's assignment not later than the tenth day of the month following the withholding of those moneys.

22. Since July 2005 and continuing, Defendants failed to properly withhold and remit moneys from employees' wages for payment of union dues.

23. Defendants' failure to properly withhold moneys from employees' wages and remit those moneys to the District Council for payment of union dues violates the Illinois Wage Payment and Collection Act, 820 ILCS 115/1, et seq.

24. At all material times, Straumann acted directly in the interest of the Company in relation to its employees.

25. At all material times, Straumann controlled the terms and conditions of employment of the Company's employees and exercised control over the payment of wages and the withholding of moneys from employees' wages.

26. At all material times, Straumann controlled all disbursements made by the Company, including the issuance of payroll checks and dues remittance checks.

27. Straumann signed the Agreement on behalf of the Company, was familiar with the terms of the Agreement, and understood the obligations of the Agreement and the employees' assignments of wages to the District Council.

28. At all material times, Straumann personally and actively conducted or participated in the actions of the Company alleged above causing injury to the District Council. Straumann, therefore, is an employer under the Illinois Wage Payment and Collection Act, 820 ILCS 115/13, and is personally liable for the failure to properly deduct moneys from employees' wages and remit those

moneys to the District Council for payment of union dues.

WHEREFORE, based on Count II of this Complaint, Plaintiffs respectfully request this Court to enter judgment against PETRO PAVING COMPANY and WILLIAM STRAUMANN, individually and d/b/a PETRO PAVING COMPANY, as follows:

(a) finding that PETRO PAVING COMPANY and WILLIAM STRAUMANN, individually and d/b/a PETRO PAVING COMPANY, violated the Illinois Wage Payment and Collection Act;

(b) ordering PETRO PAVING COMPANY AND WILLIAM STRAUMANN, individually and d/b/a PETRO PAVING COMPANY, to pay all moneys that they failed to properly withhold and/or remit;

(c) ordering PETRO PAVING COMPANY and WILLIAM STRAUMANN, jointly and severally, to pay the costs in connection with its efforts to recover the unpaid dues, including reasonable attorneys' fees and costs; and

(d) granting all other such legal and equitable relief as the Court deems just and proper.

## COUNT III
## CONVERSION CLAIM AGAINST
## PETRO PAVING COMPANY AND WILLIAM STRAUMANN, INDIVIDUALLY AND D/B/A PETRO PAVING COMPANY

29. Plaintiffs re-allege and incorporate by reference paragraphs 1 through 28 of Counts I and II as paragraph 29 of Count III.

30. Under the Agreement, on the tenth day of the month following the Company's withholding of moneys from employees' wages for payment of union dues, the District Council had an absolute right to immediate possession of those moneys.

8

31. On and after the tenth day of the month following the withholding of moneys from employees' wages for payment of union dues, the Company was without right or authorization to possess those moneys.

32. Since July 2005 and continuing, the Company withheld moneys from employees' wages for union dues, but on the tenth day of each month following the withholding of those moneys, the Company did not remit that money to the District Council, and the Company appropriated that money for its own use and benefit, and thereby permanently deprived the District Council of its property.

33. Through the acts and conduct alleged above, the Company wrongfully converted the District Council's property and may justly be required to pay to the District Council the full value of that property.

34. Straumann personally withheld moneys from the wages of the employees or personally caused another to withhold those moneys.

35. Straumann knowingly failed to remit to the District Council moneys withheld from the employees' wages on or after the tenth of the month following the withholding of those moneys, or personally caused another to fail to remit those moneys to the District Council on or after the tenth of the month following the withholding of those moneys.

36. Straumann appropriated, for his own use and benefit, the moneys withheld from the employees' wages.

37. Through the acts and conduct alleged above, Straumann wrongfully converted the District Council's property and may justly be required to pay to the District Council the full value of that property.

9

WHEREFORE, based on Count III of this Complaint, Plaintiffs respectfully request this Court to enter judgment against PETRO PAVING COMPANY and WILLIAM STRAUMANN, individually and d/b/a PETRO PAVING COMPANY as follows:

(a) finding that PETRO PAVING COMPANY and WILLIAM STRAUMANN, individually and d/b/a PETRO PAVING COMPANY, wrongfully converted the District Council's property;

(b) ordering PETRO PAVING COMPANY and WILLIAM STRAUMANN, individually and d/b/a PETRO PAVING COMPANY, jointly and severally, to pay the District Council all moneys that they failed to properly withhold and/or remit to the District Council;

(c) ordering PETRO PAVING COMPANY and WILLIAM STRAUMANN, individually and d/b/a PETRO PAVING COMPANY, jointly and severally, to pay the District Council's costs in connection with its efforts to recover the money it was deprived, including reasonable attorneys' fees and court costs; and

(d) granting all other such legal and equitable relief as the Court deems just and proper.

## COUNT IV
## BREACH OF PROMISSORY NOTE AGAINST
## PETRO PAVING COMPANY AND WILLIAM STRAUMANN

38. Plaintiffs re-allege and incorporate by reference paragraphs 1 through 37 of Counts I and II and III as paragraph 38 of Count IV.

39. On July 13, 2005, the Company and Straumann entered into an agreement with the Funds and they signed a Promissory Note whereby the Company and Straumann agreed to make eight monthly installments to the Funds for outstanding contributions, the last seven of which were due by the last day of the month, commencing May 31, 2005 and continuing monthly through November 30, 2005. (Copy of Promissory Note attached as Exhibit A).

40. The Promissory Note further states that if the Company defaulted in the payment of any installment or in its current monthly contributions to the Funds, the principal sum then remaining on the Promissory Note would become due and payable without demand or notice.

41. The Promissory Note bound the Company and Straumann to pay all costs of collection and attorney's fees as a result of a default on the Promissory Note, as well as interest at a rate of 1.5% per month.

42. The Promissory Note authorized any attorney of any Court of record to appear for the Company or Straumann, in Court, at any time after default and confess judgment without process, in favor of the Funds for the unpaid balance, together with costs and reasonable attorney's fees.

43. The Defendants made only four and one-half of the eight required installments under the Promissory Note and defaulted on the Promissory Note when they failed to make their August 30, 2005 and subsequent monthly installments or when they became delinquent in making their regular monthly contributions to the Funds under the terms of the Labor Agreement.

44. All conditions precedent to enforcing this Promissory Note and confession of judgment against PETRO PAVING COMPANY and WILLIAM STRAUMANN and in favor of the Funds have been satisfied.

WHEREFORE, based on Count IV of this Complaint, Plaintiffs respectfully request this Court to 1) enter an immediate judgment against PETRO PAVING COMPANY and WILLIAM STRAUMANN; and 2) issue a final order (proposed order attached) requiring, jointly PETRO PAVING COMPANY and WILLIAM STRAUMANN to pay the Fox

11

Valley & Vicinity Laborers' Health and Welfare Fund and Fox Laborers' Pension Fund:

    a) $18,637.26 representing the unpaid balance on the Promissory Note; and

    b) all costs and reasonable attorney's fees incurred by the Funds in connection with its efforts to recover the money it was deprived; and

    c) interest due on the delinquent payments at a rate of 1.5% per month; and

    d) granting all other such legal and equitable relief as the Court deems just and proper.

Respectfully submitted,

Michele M. Reynolds
One of Plaintiffs' Attorneys

Robert E. Bloch
J. Peter Dowd
Michele M. Reynolds
Justin Lannoye
**DOWD, BLOCH & BENNETT**
8 South Michigan Avenue, 19th Floor
Chicago, Illinois 60603
(312) 372-1361
Attorneys for Plaintiffs